ISHEE, J.,
dissenting in part:
¶ 51. While I respect the majority’s opinion, I must dissent as to the circuit court’s assessment of fault to the City of Jackson (the City). As previously stated by the majority, the circuit court apportioned 20% of the damages to Isaiah Robertson and 80% of the damages to the City. The court reasoned, “the City[’s] negligent pursuit in reckless disgregard [sic] was the primary proximate cause of the subject accident.... Robertson’s negligence was a proximate contributing cause.” I agree.
¶ 52. Had the JPD officers called off the pursuit after Robertson had displayed an obvious refusal to yield and reckless, dangerous driving, the likelihood of the crash ever occurring diminishes greatly. Although it was the stolen SUV driven by Robertson that actually struck the vehicles driven by Kewania Lewis and Basil Thornton, Robertson’s negligent behavior was largely exacerbated by the City’s lack of consideration for public safety in its pursuit. Indeed, when Officer Kenneth Tai-tón first observed Robertson in the stolen vehicle, he was parked in an apartment parking lot. Upon spotting Officer Taitón, Robertson left the parking lot and proceeded to drive down the road in a normal fashion. It was not until Robertson realized Officer Taitón intended to follow him and pull him over that he began driving erratically.
¶ 53. But for the JPD officers chasing Robertson, it is unlikely Robertson would have maneuvered the vehicle in such reckless disregard to have ever caused the accident. Again, once the JPD officers recognized Robertson had no intention of stopping and had no regard for the safety of the public, the JPD officers had a duty to terminate the chase. Had the officers done so, this case would likely not be before us today. As such, I cannot find error in the circuit court’s allocation of 80% fault to the City and respectfully disagree with the majority on this issue.
LEE, C.J., AND CARLTON, J., JOIN THIS OPINION.